■ GERALD J. TUCKER et al., Doing Business as TUCKER & STARR, Appellants, v A. I. C. FINANCIAL CORPORATION, Respondent.—Order, Supreme Court, New York County, entered February 2, 1977, granting defendant's motion to strike the complaint for failure to proceed with disclosure and directing judgment accordingly unanimously reversed, on the law and the facts and in the exercise of discretion, the motion denied and the complaint reinstated, without costs and without disbursements, unless defendant within 20 days after service upon it of a copy of this order with notice of entry, serves and files in the office of the clerk of the Supreme Court, New York County, a written stipulation dismissing the counterclaim with prejudice and consenting to the entry of judgment thereon. If the

defendant so does, the order granting defendant's motion to strike the complaint is unanimously affirmed, without costs and without disbursements. This is an action to recover additional attorneys' fees from a former client with a counterclaim to recover an alleged overpayment of attorneys' fees. There were a large number of legal files on matters handled for the defendant which were not produced by the plaintiffs in the disclosure proceedings despite orders so to do over a long period of time. While the order striking the complaint was therefore justified, it would seem that the counterclaim is also based on the same material not produced, and the parties should be treated in a substantially similar way. At the oral argument the defendant consented to the dismissal of the counterclaim with prejudice. Concur—Kupferman, J. P., Lupiano, Silverman and Lynch, JJ.